**PLAINTIFF DEMANDS A JURY TRIAL**

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| HEATHER KORB, | X | |
| PLAINTIFF | X | |
| VS. | X | CASE NO. 4:07-CV-00875 |
| BOARD OF TRUSTEES, HOUSTON COMMUNITY COLLEGE | X | |
| | X | |
| DEFENDANT | X | |
| | X | |

**PLAINTIFF'S FIRST AMENDED ORIGINAL COMPLAINT**

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** HEATHER KORB, hereinafter called Plaintiff, complaining of and about BOARD OF TRUSTEES, HOUSTON COMMUNITY COLLEGE, hereinafter called Defendant, and for cause of action shows unto the Court the following:

**PARTIES AND SERVICE**

1. Plaintiff, HEATHER KORB, is an Individual.

2. Defendant BOARD OF TRUSTEES, HOUSTON COMMUNITY COLLEGE, may be served with summons and a copy of this complaint by serving the

1

        Chancellor appointed by the Board of Trustees of the Houston Community College, Norm R. Neilson, who may be served at HCC Administration Building, 3100 Main at Elgin, Houston, Texas 77002. Service of said Defendant as described above can be effected by personal delivery.

3. The subject matter in controversy is within the jurisdictional limits of this court.

4. This court has jurisdiction over the parties under 42 U.S.C. § 1981, 1983 and 1988 and the 14th Amendment to the United States Constitution; and, under the Rehabilitation Act.

5. Venue in Harris County is proper in this cause.

6. Heather Korb, a former employee of Houston Community College System, was employed by your institution as a director/program director of its cable television station. Her employment was terminated either in April or September 2005. At the time of her termination plaintiff was suffering from serious migraine headaches and serious hormone imbalances that incapacitated her. The Houston Community College was well aware of and familiar with her medical conditions.

7. The plaintiff was a full time employee of the Houston Community College, a Texas junior college district. As a government employee, she was denied due process in the circumstances of the termination of her employment. The plaintiff was never afforded an opportunity to appeal her

termination of employment.

8. Heather Korb suffered from, and still suffers from, chronic fatigue syndrome which renders her unable to perform her job duties.

9. The plaintiff inquired about filing for long-term disability benefits. She spoke with a representative of the defendant's human resources department who told plaintiff that: "Well, you are not going to be eligible for long-term disability because you are not working here anymore."

10. The time for applying for long-term benefits has since passed. The plaintiff is now stuck in a situation where she is incapacitated and she does not have disability benefits. The defendant, Houston Community College, does not subscribe to the Social Security System so the plaintiff cannot obtain SSA benefits.

11. The plaintiff was a full time employee of the Houston Community College, a Texas junior college district. As a permanent government employee, she was denied due process in the circumstances of the termination of her employment. The plaintiff was terminated while out on medical leave and never afforded an opportunity to appeal her termination of employment.

12. The plaintiff's termination was a violation of the Rehabilitation Act. The employer/defendant failed to grant the plaintiff due process as required under 34 C.F.R. 104.7; it discriminated against her in the terms of her employment in violation of 34 C.F.R. 104.11; and, it failed to make an

      accommodation for the plaintiff as required by 34 C.F.R. 104.12.

13.    CAUSE OF ACTION: 42 U.S.C. §1981: The plaintiff brings an action under 42 U.S.C. §1981 for the redress of his civil rights, which have been violated by the defendant. That law states in pertinent part:

Sec. 1981. Equal rights under the law

(a)    Statement of equal rights

All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

(b)    "Make and enforce contracts" defined

For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

(c)    Protection against impairment

The rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law.

14.    CAUSE OF ACTION: 42 U.S.C. §1983. the plaintiff brings an action under

>42 US.C. §1983 for redress of his civil rights, which have been violated. That statute, in pertinent part, states:

Sec. 1983. Civil action for deprivation of rights

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

>15.   CAUSE OF ACTION: 42 U.S.C. §1988. The plaintiff brings an action under 42 U.S.C. §1988, which states in pertinent part:

Sec. 1988. Proceedings in vindication of civil rights

(a)   Applicability of statutory and common law

The jurisdiction in civil and criminal matters conferred on the district courts by the provisions of titles 13, 24, and 70 of the Revised Statutes for the protection of all

persons in the United States in their civil rights, and for their vindication, shall be exercised and enforced in conformity with the laws of the United States, so far as such laws are suitable to carry the same into effect; but in all cases where they are not adapted to the object, or are deficient in the provisions necessary to furnish suitable remedies and punish offenses against law, the common law, as modified and changed by the constitution and statutes of the State wherein the court having jurisdiction of such civil or criminal cause is held, so far as the same is not inconsistent with the Constitution and laws of the United States, shall be extended to and govern the said courts in the trial and disposition of the cause, and, if it is of a criminal nature, in the infliction of punishment on the party found guilty.

(b)   Attorney's fees

In any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 of this title, title IX of Public Law 92-318 [20 U.S.C. 1681 et seq.], the Religious Freedom Restoration Act of 1993 [42 U.S.C. 2000bb et seq.], the Religious Land Use and Institutionalized Persons Act of 2000 [42 U.S.C. 2000cc et seq.], title VI of the Civil Rights Act of 1964 [42 U.S.C. 2000d et seq.], or section 13981 of this title, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity such officer shall not be held liable for any costs, including attorney's fees, unless such action was clearly in excess of such officer's jurisdiction.

16. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, HEATHER KORB, was caused to suffer and to incur the following damages:

   a. Lost wages

   b. Employment benefits

   c. Other compensation denied or lost by reasons of the violations

   d. Liquidated damages

   e. Punitive damages

   f. Attorney's fees

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, HEATHER KORB, respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

RESPECTFULLY SUBMITTED:

LAW OFFICE OF STEPHEN E. MENN
P.O. BOX 572774
HOUSTON, TEXAS 77257-2774
PHONE 832-654-2948
FAX 713-780-2352


BY: ___/s/ STEPHEN E. MENN_____
     STEPHEN E. MENN
     TEXAS BAR NO. 13942200

CERTIFICATE OF SERVICE

    I, Stephen E. Menn, attorney for the plaintiff, hereby certify that a true and correct copy of the foregoing first amended original complaint was on this day served upon the parties stated below at the addresses stated below by FAX transmission and first class mail.

DATED: __April 25, 2008_____

                       ___/s/Stephen E. Menn_____
                       STEPHEN E. MENN

Lisa A. Brown
Bracewell & Guiliani
2300 South Tower Pennzoil Place
711 Louisiana
Houston TX 77002-2770
FAX 713-221-2169